## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MAZEN SHWEIKA

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY (DHS)
U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS)
CHAD WOLF, (Acting) Secretary of United States Department of Homeland Security (DHS), in his official capacity;
KEN CUCCINELLI, Acting Director of USCIS, in his official capacity;
DONALD NEUFELD, Associate Director of USCIS' Service Operations Directorate, in his official capacity;
MICHAEL PAUL, USCIS Vermont Service Center Field Office Director, in his official capacity;
EDWARD NEWMAN, USCIS District Director (Northeast Region), in his official capacity;
DANIEL BROUGHTON, USCIS Michigan - Detroit Field Office Director (Acting), in his official capacity;


Defendants.
_____/

Birach Law, PC
By: Robert M. Birach, Esq (P29051)
26211 Central Park Blvd., Suite 209
Southfield, MI 48076
Tel: (313) 964-1234
Fax: (313) 887-0263
Email: bob@cgblegal.com


## PETITION FOR WRIT OF MANDAMUS

1

## INTRODUCTION

Plaintiff States:

1.      Mazen Shweika brings forth this action to compel Defendants to act on his properly filed I-130 Petition for Alien Relative. Plaintiff requests immediate adjudication of his petition as Defendants have improperly withheld action on this petition to Plaintiff's detriment.

2.      No petition for a writ of mandamus has been previously filed by Plaintiff to review the actions described herein.

## PARTIES

3.      Plaintiff Mazen Shweika is a citizen of the United States.

4.      The Defendants are:

  i.  U.S. Department of Homeland Security (DHS)

  ii.  U.S. Citizenship and Immigration Services (USCIS)

  iii. Chad Wolf, (Acting) Secretary of United States Department of Homeland Security (DHS), in his official capacity;

  iv. Ken Cuccinelli, Acting Director of U.S. Citizenship & Immigration Service (USCIS), in his official capacity;

v.  Donald Neufeld, Associate Director of USCIS' Service Operations

Directorate, in his official capacity;

vi. Michael Paul, USCIS Vermont Service Center Field Office Director, in

his official capacity;

vii. Edward Newman, USCIS District Director (Northeast Region), in his

official capacity;

viii. Daniel Broughton, USCIS Michigan - Detroit Field Office Director

(Acting), in his official capacity;

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over all Defendants, as they can be

reached by service of process.

6.     Subject matter jurisdiction is conferred on this Court by:

i.  28 U.S.C. § 1331 (Federal Question Jurisdiction): The district courts

shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States;

ii. 28 U.S.C. § 1361 (Mandamus Statute): The district courts shall have

original jurisdiction of any action in the nature of mandamus to compel

an officer or employee of the United States or any agency to perform a

duty owed to the plaintiff;

iii. 5 U.S.C. S 706, *et seq*. (Administrative Procedures Act): The reviewing

court shall compel agency action unlawfully withheld or unreasonably

delayed.

iv. 8 U.S.C. § 555(b): "[w]ith due regard for the convenience and necessity

of the parties or their representatives and within a reasonable time, each

agency shall proceed to conclude a matter presented to it."

7.      Venue in the Eastern District of Michigan is proper under 28 U.S.C. §

1391(e) and 28 U.S.C. § 2891(e) because Plaintiff's action is against officers and

agencies of the United States in their official capacities brought in a district where

Plaintiff resides, and all the defendants can be reached by service of process.

## STANDING

8.      Plaintiff has constitutional standing under *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 559 (1992), as one who has suffered a concrete injury due to

Defendants' action (or failure to act), which injury will be redressed by a favorable

decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992).

Plaintiff has been injured by the ongoing failure of Defendants to timely adjudicate

his I-130 petition.

## EXHAUSTION OF REMEDIES

4

9.      Plaintiff has exhausted all the administrative remedies available to him at

this point.

10.     USCIS has failed to perform its mandate in a timely manner, as described in

this lawsuit.

11.     Plaintiff has no adequate remedies available to him other than resorting to

this complaint and the remedies requested herein.

## FACTUAL AND PROCEDURAL HISTORY

12.     Plaintiff is a 57-year citizen of the United States. (Exhibit A, Cert. of

Naturalization and U.S. Passport ID Page)

13.     Plaintiff is married to Nuha Alghbaish, a native and citizen of Jordan.

(Exhibit B, Marriage Certificate and Contract) Ms. Alghbaish currently resides in

Jordan with the couple's infant son.

14.     On August 17, 2017, Plaintiff filed an I-130 Petition for Alien Relative with

USCIS, seeking to classify his spouse as an Immediate Relative under 8 U.S.C. §

1151(b)(2)(A). Plaintiff was issued an I-797 Receipt Notice from USCIS indicating

receipt of the I-130 petition. (Exhibit C, Receipt Notice for I-130)

15.     On March 5, 2018, Defendant USCIS notified Plaintiff that his application

had been transferred to the Vermont Service Center for further processing. (Exhibit

D, I-797C Notice of Transfer)

16.     On June 11, 2018, Plaintiff inquired about the status of his petition with

USCIS' customer service line. USCIS informed Plaintiff by mail that "your case is

currently delayed because the required security checks are still pending. We cannot

make a decision on your case until we receive the result of these security checks."

(Exhibit E, Letter from USCIS)

17.     Between 2018 and 2019, Plaintiff made several inquiries with USCIS, this

time through the offices of U.S. Senators Peters and Stabenow.

18.     On October 24, 2018, USCIS' Vermont Service Center responded through

Senator Peters that "[U]nresolved issues in your constituent's case require a

thorough review before a decision can be rendered. Unfortunately, we cannot

speculate as to when this review process will be completed…USCIS must weigh

individual inconvenience against the broader concerns of public safety and national

security." (Exhibit F, Emails from Peter's Office 10/24/2018)

19.     In January 2019, Plaintiff made another request for information through

Senator Peters' office. On January 28, 2019, USCIS' Vermont Service Center once

again replied that the case was "pending security checks." (Exhibit G, Emails from

Peter's Office 01/28/2019)

20.     Plaintiff then made an inquiry through the office of U.S. Senator Debbie

Stabenow. On April 9, 2019, USCIS again responded that the case was "pending

security checks." (Exhibit H, Email from Stabenow's Office 04/09/2019)

21.     On July 16, 2019, after a second inquiry through Debbie Stabenow's office,

USCIS informed Senator Stabenow that the case was "pending security checks."

(Exhibit I, Email from Stabenow's Office 07/16/2019)

22.     On December 5, 2018, Plaintiff's son was born. Plaintiff's son received a

U.S. passport as the foreign birth of a U.S. citizen in June 2019, without any

difficulty. (Exhibit J, Birth Certificate and Consular Report; Exhibit K, U.S.

Passport ID Page)

23.     Plaintiff has made numerous inquiries with USCIS, but defendants have

failed to adjudicate Plaintiff's petition or to provide an estimated timeline for when

the petition will be adjudicated.

24.     USCIS' processing times (as of the date of this lawsuit), currently list

normal processing times for an I-130 at the Texas Service Center to be 8.5 to 11

months. (Exhibit L, TSC Processing Times chart)

25.     Current I-130 processing times for the Vermont Service Center are 13 to

16.5 months. (Exhibit M, VSC Processing Times chart)

26.     Plaintiff's petition has now been pending for 28 months.

## APPLICABLE LAW, STATUTORY AND REGULATORY SCHEME

27.     Judicial review of unreasonably-delayed agency actions is provided for under 5 U.S.C. § 555(b) which states, in pertinent part, [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it" as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonably delayed.

28.     Judicial review of unreasonably-delayed agency actions is provided for under 5 U.S.C. § 555(e) which provides that "Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial," as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonably delayed.

29.     A U.S. citizen must file Form I-130 with USCIS as the first step to obtain an immigrant visa for his or her spouse. 8 CFR § 204.1(a)(1).

30.     According to 8 U.S.C. § 1154(a)(1)(A)(i), "any citizen of the United States claiming that an alien is entitled to classification by reason of a [spousal]

relationship…may file a petition with the Attorney General for such classification."

31.     Pursuant to 8 U.S.C. § 1151(b)(2)(A)(i), an immigrant visa is immediately available (e.g. not subject to numerical limitations on visa issuance) to an immediate relative of a U.S. citizen, who is the beneficiary of an approved visa petition.

32.     During adjudication, the only thing at issue is whether the beneficiary is entitled to "classification by reason of a [spousal] relationship" or, in other words, whether Plaintiff's marriage to his spouse is legitimate and lawful. Admissibility is not an issue until later in the process, *after* the I-130 has been approved.

33.     The I-130 petition shall be notified in writing of the decision of the USCIS director. 8 CFR § 204.2(a)(iii)(C).

34.     If USCIS fails to make a determination within a reasonable time after the petition is filed, 8 CFR § 204.2(a)(iii)(C), judicial review is provided for under 5 U.S.C. § 555(b) which states that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it", as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonable delayed.

## COUNT I:
## MANDAMUS

35.     Plaintiff realleges and incorporates by reference all the preceding facts and

allegations of this Complaint.

36.     A mandamus Plaintiff must establish that:

    i.  Plaintiff has a clear right to the relief requested;

    ii.  The Defendant owes a clear duty to perform the act in question, which

        act is ministerial and non-discretionary;

    iii. No other adequate remedy is available. *See* 28 U.S.C. § 1331; *Barron*

        *v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Johnson v. Rogers*, 917

        F.2d 1283, 1285 (10th Cir. 1980); *Kirkland Masonry, Inc. v.*

        *Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980);

        *Rios v. Ziglar*, 398 F.3d 1201 (10th Cir. 2005).

37.     Plaintiff has satisfied each of these prongs.

38.     Plaintiff Shweika has a clear right to have the I-130 he filed adjudicated in a

timely manner, in accordance with USCIS' congressional mandate to adjudicate

immigration applications and benefits requests.

39.    Plaintiff's interests are clearly within the zone of interests protected by the

Immigration and Nationality Act and the applicable regulations.

40.    The Administrative Procedures Act permits judicial review of agency action

"unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, the APA

requires an agency to conclude a matter presented to it within a reasonable time. 5

U.S.C. § 555(e).

41.    The Defendants owe Plaintiff a clear, ministerial, and non-discretionary duty

to timely adjudicate his I-130 to completion in accordance with applicable laws

and regulations, and to do so in a reasonable time.

42.    Despite Plaintiff having met the *prima facie* requirements for approval of the

I-130, Defendants have failed to adjudicate Plaintiff's case and have failed to

provide a legally acceptable reason for their delay in the immediate case.

43.    Defendants continue to proffer the explanation that the petition cannot be

adjudicated right now due to "unresolved issues" and "security checks", as well as

the need to balance the concerns of national security (an issue pertaining to

admissibility) with their mandate to adjudicate immediate relative petitions.

44.    The I-130 is only the first step towards Ms. Alghbaish receiving an

immigrant visa and entering the United States. If Plaintiff's I-130 is approved, it

does not entitle his spouse to issuance of an immigrant visa or to immediate *entry*

to the United States. Rather, Plaintiff's spouse would then be able to submit an

Application for Immigrant Visa at her local U.S. consulate abroad. That

application cannot be filed without prior approval of the I-130 visa petition by

USCIS.

45.    The purpose of an I-130 is to prove that the beneficiary is legally eligible to

apply for an immigrant visa; in the immediate case, as the spouse of a U.S. citizen.

46.    The Department of State maintains authority over the issuance of immigrant

visas, including the performance of security checks to ensure that all applicants are

properly vetted for admissibility under the Immigration and Nationality Act, *after*

the person files an Application for Immigrant Visa (which cannot be filed until

after the I-130 has been approved).

47.    Due to its direct ties to the countries of origin, including Jordan, the

Department of State is better able to perform the security checks necessary to

determine whether Plaintiff's spouse is admissible to the United States, and will

ultimately determine if Plaintiff's spouse receives a visa once the application for

immigrant visa is filed.

48.    In order to receive approval of the I-130, Plaintiff only needs to prove that

he is a U.S. citizen (Exhibit A, Cert. of Naturalization and U.S. Passport ID Page),

that both he and his spouse were legally eligible to marry each other at the time of

marriage (Exhibit B, Marriage Certificate and Contract), that the marriage is legitimate and not entered into solely for the purpose of circumventing immigration laws (Exhibit J, Birth Certificate; Exhibit N, Passport with stamps showing trips to Jordan). Plaintiff provided proof of these elements to USCIS at the time of filing.

49.    No background checks are required at this point in the proceedings as the admissibility of the beneficiary does not need to be proven.

50.    There is no evidence that the delay is attributable to the actions of the Plaintiff.  *Compare, Wang v. Reno,* No. 01 Civ. 1698 (BSJ), 2001 U.S. Dist. LEXIS 15577, at *6 (S.D.N.Y. Sept. 27, 2001) (noting that the plaintiff was "largely responsible for the delay in her case" by submitting incorrect or incomplete information).

51.    Plaintiff's interest in having his visa petition adjudicated within a reasonable time is clearly within the zone of interests protected by these statutes as Plaintiff and his wife continue to endure the hardship of family separation, and are deprived of the right to privacy and all the rights of marriage, since Plaintiff is deprived of the ability to live with his spouse and child.

52.     Plaintiff has exhausted his administrative remedies. No other remedy exists

for Defendants continued and unexplainable withholding of action on his properly

filed I-130.

## COUNT II:

## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

53.     Plaintiff realleges and incorporates by reference all the preceding facts and

allegations of this Complaint.

54.     Defendants are in violation of the administrative procedures act, 5 USC §

701 et seq (a) in that they have unlawfully withheld and unreasonably delayed

agency action to which the plaintiff is entitled and (b) in that they have taken

action that is arbitrary and capricious, an abuse of discretion and not in accordance

with the law by failing to adjudicate Plaintiff's I-130 in a timely manner;

55.     As stated above, Plaintiff has a clear right to the relief requested.

56.     Defendants' failure to act on Plaintiff's properly filed petition is arbitrary,

capricious, and not in according with the law, regulations, and USCIS policy, and

is so egregious as to constitute affirmative misconduct.

57.     Defendants' have obstructed and ignored all good faith attempts to resolve

the situation in a reasonable and timely manner.

58.     Plaintiff has exhausted his administrative remedies. No other remedy exists for Defendants continued and unexplainable withholding of action on his properly filed I-130.

WHEREFORE, Plaintiff Shweika respectfully requests that this Honorable Court take the following actions:

A.  Find that the Defendants have acted arbitrarily and capriciously, have acted in bad faith, have failed to act in a timely manner, and have breached their duty owed to the Plaintiff;

B.  Issue a Writ of Mandamus compelling immediate adjudication of Plaintiff's I-130 Petition for Alien Relative;

C.  Award Plaintiff his reasonable attorney's fees, costs, and expenses of litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

D.  Grant any other and further relief that this Court deems proper under the circumstances.

Respectfully Submitted,

*/s/ Robert M. Birach*
Robert M. Birach, Esq
Birach Law, PC

15

Attorney for Plaintiff
26211 Central Park Blvd, Suite 209
Southfield, MI 48334
(313) 964-1234

Dated:  December 11, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

### Index of Exhibits

| Ex. | Description | Page |
|-----|-------------|------|
| A | Plaintiff's Certificate of Naturalization and U.S. Passport ID Page | 1 |
| B | Certificate of Marriage and Contract of Marriage, with English translation | 3 |
| C | I-797C Receipt Notice for I-130 Petition | 7 |
| D | I-797C Notice of Transfer to Vermont Service Center | 9 |
| E | Letter from USCIS, dated Monday June 11, 2018 | 10 |
| F | Emails from Senator Peter's office, dated October 24, 2018 | 11 |
| G | Emails from Senator Peter's office, dated January 28, 2019 | 13 |
| H | Email from Senator Stabenow's office, dated April 9, 2019 with USCIS response attached | 15 |
| I | Email from Senator Stabenow's office, dated July 16, 2019 with USCIS response attached | 17 |
| J | Birth Certificate and Consular Report of Birth Abroad for Plaintiff's son | 19 |
| K | U.S. Passport ID Page for Plaintiff's son | 21 |
| L | I-130 Processing Times for Texas Service Center, accessed on Dec. 5, 2019 at https://egov.uscis.gov/processing-times | 22 |
| M | I-130 Processing Times for Vermont Service Center, accessed on Dec. 5, 2019 at https://egov.uscis.gov/processing-times | 24 |
| N | Copies of Plaintiff's passport, showing trips to Jordan | 26 |